# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY, 10007
DIRECT DIAL (888) 239-4410
dharrison@nynjemploymentlaw.com

Address all mail to:
110 Highway 35, 2nd floor
Red Bank, NJ 07701

February 12, 2026

**VIA ECF**

The Honorable Arlene Lindsay
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *Teitelbaum v. Compass Group USA, Inc. et al.* 1:25-cv-04569 (ARL)

Dear Judge Lindsay:

    The parties in this case are pleased to advise the Court that Plaintiff Zvi Teitelbaum ("Plaintiff") recently entered into a settlement agreement ("Agreement") with Defendant Compass Group USA, Inc. ("Compass") that will fully resolve this litigation and Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff in this letter motion respectfully requests that the Court approve the parties' Agreement – attached hereto as Exhibit "1" – and the settlement of the wage and hour claims in this case as final, fair, reasonable, adequate, and binding on the parties, and that the Court dismiss this litigation with prejudice while retaining jurisdiction over the implementation of the Agreement. Attached hereto as Exhibit "2" is a fully executed stipulation of dismissal with prejudice. Defendant does not oppose this motion and joins in the request that this Court approve the Agreement and dismiss this litigation with prejudice.

    **I.**   **Legal Standard**

    As the Court is aware, when FLSA claims are settled, the Court must review and scrutinize the Agreement to ensure fairness. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

    While the Second Circuit's decision in *Cheeks* did not establish a definitive list of factors for approving an FLSA settlement, it identified certain red-flag provisions warranting heightened scrutiny, including confidentiality clauses, overly broad releases, and attorneys' fees in excess of forty percent (40%). *Cheeks*, 796 F.3d at 206. The Agreement here contains none of these concerns: (i) the release is appropriately tailored and not overbroad; (ii) the Agreement does not include any confidentiality provision; and (iii) attorneys' fees and costs constitute less than one-

third of the Settlement Amount. Accordingly, the proposed settlement falls within the range of reasonableness when evaluated in light of Plaintiff's best possible recovery, as well as the risks of continued litigation and potential collection. The Agreement therefore warrants approval.

## II.     The Proposed Settlement is Objectively Fair, Adequate, and Reasonable

The terms of the Agreement provide that in exchange for Plaintiff discontinuing this litigation and executing in favor of Defendants a wage and hour release, Compass shall pay Plaintiff a total of $15,000.00 (the "Settlement Amount"), inclusive of attorneys' fees and disbursements.  The parties' lawyers settled this case – over the course of numerous telephone/Microsoft Teams conversations - after this Court referred this litigation to arbitration, but prior to the parties formally commencing the arbitration process.  At all times, the parties negotiated hard, and all negotiations occurred at arms' length.

The Agreement reflects a compromise between Plaintiff and Defendants.  While Plaintiff could have possibly received more money had he proceeded to and won at trial, Plaintiff agreed to the Settlement Amount, and believes it to be a fair and reasonable compromise, because, in addition to receiving his money much sooner, and not having to wait months or years, the Settlement Amount is approximately 75% of the estimated unpaid overtime wages owed to him (estimated at approximately $20,000) – that he could have recovered had he won at trial.

In addition to the inherent risks of litigation, there were many other risks involved in continuing to trial, including that Defendants argued (a) that Plaintiff was not an employee of Defendants under the FLSA and NYLL, (b) that Plaintiff was not entitled to overtime premiums, and (c) that even if he was entitled to overtime premiums, Plaintiff's estimated 1000 overtime hours was high.  As such, Plaintiff's version of the events might not have been believed by a fact finder, which could have resulted in Plaintiff receiving a smaller amount of wage-based damages than his estimated amount owed. Defendants' counsel also told Plaintiff's counsel that Defendants had the resources to litigate this case for a long time – and about the long delays inherent in any litigation – that could delay any recovery for several years or more.  Finally, Plaintiff wished to forego the uncertainties of litigation and the hassle and expense of proceeding through discovery, depositions, arbitration, court appearances and trial.  Plaintiff believes that the Settlement Amount represents a fair and equitable compromise that allows him to proceed with his life without the disruptions, inconveniences, and risks inherent in litigation.

## III.     The Costs and Attorneys' Fees are Fair and Reasonable

From the Settlement Amount, $10,000 will be paid out to Plaintiff and $5,000 is allocated for attorneys' fees and costs[1] that Plaintiff's counsel expended on this case.  The attorneys' fees of $4,510 is less than the one-third contingency – agreed upon by Plaintiff in his retainer agreement – that is regularly approved in this circuit in FLSA and NYLL cases. *See Rosario v. Marper Terminal Services Corp.,* 24-CV-4511, 2025 WL 2687741, at *3 (S.D.N.Y., Sept. 18, 2025) *(*approving attorneys' fees of one-third of settlement amount in FLSA case and noting that such a fee arrangement "is typical in this Circuit") (citing cases); *Santos v. E T & K Foods, Inc.*,

---

[1] Costs totaled $490: The filing fee was $405, and the process server's fee was $85.

No. 16-CIV-7107(DLI)(VMS), 2019 WL 2435857, at *9 (E.D.N.Y. Feb. 26, 2019) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit") (citing case); *Sumba Lema v. LIC Evergreen Cleaners Inc.*, No. 19-CV-836 (WFK) (LB), 2019 WL 6312378, at *4 (E.D.N.Y. Nov. 8, 2019), *report and recommendation adopted*, No. 19-CV-836 (WFK) (LB), 2019 WL 6307412 (E.D.N.Y. Nov. 25, 2019) ("Courts in this district generally find 33% of the overall settlement, the one-third contingency fee arrangement, to be reasonable"*)* (citing cases); *Fernandez v. Masterypro Grp.*, No. 18-CIV-4540 (HBP), 2019 WL 4412804, at *3 (S.D.N.Y. Sept. 16, 2019) (finding the fee to be reasonable; contingency fees of one-third in FLSA cases are routinely approved in this Circuit); *Aly v. Dr. Pepper Snapple Grp., Inc.*, No. 18-CV-4230 (FB)(LB), 2019 WL 3388947, at *5 (E.D.N.Y. June 13, 2019), *report and recommendation adopted,* No. 18-CV-4230 (FB) (LB), 2019 WL 3388925 (E.D.N.Y. July 26, 2019) (approving attorneys' fees in the amount of one-third of the proposed settlement); *Shamsundar v. FCS Grp. LLC,* No. 18-CV-2514(KAM)(LB), 2019 WL 3716198, at *4 (E.D.N.Y. May 22, 2019*)* (finding that plaintiff's counsel's fee award of one-third in this action is fair and reasonable) (citing cases).

The attorneys' fees agreed to by the parties in the Settlement Agreement of $4,510 is slightly less than Plaintiff's counsel's lodestar, as of the filing of this motion. Under the lodestar method, Plaintiff's counsel invested $4,900 in attorney hours (9.8 hours billed by David Harrison, Esq.), to date, in this litigation.[2]

Courts in this district have approved fees in this range. *See Caccavale v. Hewlett-Packard Company*, 2025 WL 2960237, at *14 (E.D.N.Y., Oct. 20, 2025) (approving FLSA and NYLL settlement and attorneys' fees in the amount of $196,666.67 which corresponds to a multiplier of approximately 2.3, noting that a multiplier of 2.3 is "fair and reasonable"); *Palma v. Artola*, 2025 WL 3461045, at *3 (E.D.N.Y., 2025) (Gonzalez, DJ) (approving attorneys' fee where lodestar multiplier was 2.14 "given that courts 'regularly award lodestar multipliers from two to six times lodestar'") (citing cases); *ORTEGA v. YAMAYA USA, INC.*, 2025 WL 1084217, at *2 (S.D.N.Y., 2025) (Ramos, DJ) (approving FLSA and NYLL settlement in the amount of $150,000 and an attorneys' fee of $50,794, with a lodestar of $18,032.50, which resulted in a lodestar multiplier of approximately 2.81); *Ali v. High-Steppers Corp.*, 2025 WL 547798, at *1 (S.D.N.Y., 2025) (finding fees "fair and reasonable" where the "lodestar 'cross-check' yields a multiplier of 2.1… which is also within the range of what courts have considered reasonable in FLSA cases, particularly where, as here, the case has settled at a relatively early stage"); *Quispe v. Stone & Tile Inc.*, 583 F.Supp.3d 372, 381, 2022 WL 960926, at *6 (E.D.N.Y., 2022) (Henry,

---

[2] The rates were calculated based on hourly rates of $500/hour for David Harrison. *See Caccavale v. Hewlett-Packard Company*, 2025 WL 2960237, at *13 (E.D.N.Y., 2025) (finding that $500 hourly rates, for each of two employment lawyers, one with approximately thirty years of experience and one with fifteen years of experience, "is fair and reasonable"); *Naraine v. Washdry Tech Inc*., 749 F.Supp.3d 398, 410 (E.D.N.Y., 2024) (approving hourly rate of $500 for an attorney who has been practicing law for more than 20 years and "primarily focuses on wage and hour cases"). Mr. Harrison's rate was raised last year from $450/hour (which had been approved on numerous occasions – and which he billed at the past couple of years) to $500/hour.

3

M.J.) (approving a settlement with an attorneys' fee that had a multiplier of approximately 1.4 times the lodestar amount and finding that "while there is some debate about the proper range for a lodestar multiplier, the multiplier here is below the point of controversy and is therefore reasonable").[3]

### IV. Plaintiff's Counsel's Qualifications

David Harrison received his law degree from Benjamin N. Cardozo School of Law in 2004 and has been the Managing Partner at Harrison, Harrison & Associates ("HHA"), a law firm dealing almost exclusively with employee rights, ever since it was founded over sixteen years ago. During this period, Mr. Harrison has served, and currently serves, as plaintiffs'-side counsel in numerous Fair Labor Standards Act ("FLSA") and NYLL wage and hour individual, multi-plaintiff, collective and putative class actions in various New York State Courts and administrative agencies, and in Federal Courts including the Southern and Eastern Districts of New York, the District of New Jersey, the Northern District of Illinois (admitted *pro hac vice*), the District of Connecticut (admitted *pro hac vice*), the Central District of California (admitted *pro hac vice*) and the Southern District of Texas (admitted *pro hac vice*). Mr. Harrison is licensed to practice law before all of the courts of the States of New York, New Jersey, and Florida, as well as the Southern and Eastern Districts of New York, the District of New Jersey, the Second Circuit Court of Appeals, the Third Circuit Court of Appeals, and the United States Supreme Court.

Over the last several years, Mr. Harrison and HHA have been appointed class/collective counsel or counsel for representative plaintiffs in numerous FLSA wage and hour collective/class actions. *See e.g. Brandon Farrell et. al.* v. Anderson Ave LLC a/k/a Sedona Taphouse 2-22-cv-01374 (JBC) (D.N.J., July 25, 2024) (appointing HHA and David Harrison Class Counsel and granting final approval of class action settlement involving 181 class members); *Ahmed Hegazy et. al. v. The Halal Guys, Inc. et. al.*, No. 22-CV-01880 (LGS) (S.D.N.Y., Sep. 2, 2022) (conditionally certifying FLSA collective and appointing David Harrison counsel for the FLSA collective in a FLSA/NYLL case involving dozens of food-cart workers); *Andy Gil et. al. v. Pizzarotti, LLC. et. al.*, No. 19-CV-03497 (MKV) (S.D.N.Y., Mar. 31, 2022) (certifying FLSA collective and appointing David Harrison counsel for the FLSA collective in a FLSA/NYLL case involving 42 construction workers); *Perez v. Isabella Geriatric Ctr., Inc.*, No. 13-CV-7453 (RA), 2016 WL 5719802, at *3 (S.D.N.Y. Sept. 30, 2016) (appointing David Harrison Class Counsel in a FLSA/NYLL case involving approximately 950 certified nursing assistants); *Poonam Sharma et. al. v. Burberry Limited*, 12-CV-06356 (LDW)(AKT) (E.D.N.Y., August 12, 2015) (appointing HHA and David Harrison Class Counsel and granting final approval of $1.45 million FLSA collective and class action settlement); *Evan Hightower v. JPMorgan Chase Bank, N.A.*, CV 11-1802 (PSG)(PLA) (Cent. Dist. Calif., August 4, 2015) (granting final approval of $12 million FLSA collective and class action

---

[3] Judge Henry also cited *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("In this Court's opinion, a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.") and *Monserrate v. Tequipment, Inc.*, No. 11-CV-6090 (RML), 2012 WL 5830557, at *3 (E.D.N.Y. Nov. 16, 2012) ("Courts regularly award multipliers from two to six times the lodestar.") (collecting cases).

settlement involving over 149,000 class members); *Luis P. Taipe et. al. v. MC&O Contracting, Inc. et. al.,* No. 12-cv-4479 (JMA) (E.D.N.Y., June 18, 2015) (appointing HHA and David Harrison Class Counsel and granting preliminary approval of class action settlement involving 770 construction workers); *Dimitra Verikios et. al. v. Taina Corp., et. al.*, No. 12-cv-2592(MAS)(TJB) (D.N.J. March 17, 2015) (granting final approval of class action settlement involving 412 class members).

      In light of the above, Plaintiff respectfully requests that this Court approve the parties' Agreement and discontinue this case with prejudice while retaining jurisdiction over the implementation of the Agreement. We thank the Court for its attention to this matter.

                                                  Respectfully submitted,

                                                  /S/ DAVID HARRISON
                                                  David Harrison

cc: All Counsel of Record (VIA ECF)

# Exhibit "1"

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and entered into by and between Zvi Teitlebaum, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter referred to as, the "Plaintiff"), on the one hand, and Compass Group USA, Inc. ("Compass" or "the Company"), and Stephan Mets-Hagopian ("Mets-Hagopian"), on the other hand. Compass and Mets-Hagopian are hereinafter referred to as "Defendants." Plaintiff and Defendants are hereinafter referred to as the "Parties."

**WHEREAS**, on or about August 15, 2025, Plaintiff commenced an action against the Defendants in the United States District Court for the Eastern District of New York, Civil Action Case No. 2:25-cv-04569, alleging, *among other things*, that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay Plaintiff overtime premiums for hours worked above forty per week (the "Complaint" or the "Action");

**WHEREAS**, Defendants deny all allegations of wrongdoing made by Plaintiff and a Court has not made any findings with respect to the merits of Plaintiff's claims;

**WHEREAS**, the Parties have determined it to be in their mutual interests to settle and terminate the Action, without incurring the further burden, risk, and expense of continued litigation, subject to the terms and conditions set forth herein;

**WHEREAS**, the Parties desire to have no further obligations to each other, except as specifically provided herein; and

**NOW, THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Consideration**: In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's release of claims as set forth in Paragraph 3 below, and in full and final settlement of all of Plaintiff's claims against Defendants in the Action, Compass will provide Plaintiff with a gross payment of $15,000.00 (the "Settlement Payment").

    (a) **Settlement Payment**:

        i. The Company shall issue a check, made payable to "Zvi Teitlebaum," in the amount of $5,000.00, minus applicable taxes, deductions and withholdings, representing payment for alleged unpaid wages and compensatory damages, for which Compass will issue Plaintiff an IRS Form W-2.

        ii. The Company shall issue a check, made payable to "Zvi Teitlebaum," in the amount of $5,000.00, from which no taxes or deductions will be withheld, representing payment for liquidated damages, penalties and prejudgment interest, for which Compass will issue Plaintiff an IRS Form 1099-Misc.

        iii. The Company shall issue a check, made payable to "Harrison, Harrison & Associates," in the amount of $5,000.00, from which no taxes or deductions will be withheld,

representing payment for attorneys' fees, costs and expenses, for which Compass shall issue an IRS Form 1099-Misc. to Harrison, Harrison & Associates (for the entire amount), and to the Plaintiff.

(b) **Delivery of Settlement Payments to Plaintiff and His Counsel**:

The Settlement Payment will be delivered to Plaintiff's counsel, David Harrison, Esq., Harrison, Harrison & Associates, 110 State Highway 35, Suite 10, Red Bank, NJ 07701 within twenty-one (21) days after judicial dismissal of the Action with prejudice (pursuant to Paragraph 6 of this Agreement) and receipt by Defendants of a completed W-9 Form from Harrison, Harrison & Associates and completed W-4 and W-9 Forms from Plaintiff.

2. **Full Payment for FLSA claims**: Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel for his wage and hour claims. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he may have suffered because of any acts or omissions of Defendants as alleged in the Action or relating in any way to his relationship with Defendants, including any claims for wages or overtime pay under state and federal law or common law. Plaintiff agrees that these payments are inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

3. **Release of Claims**: In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of himself and, if any, his spouse, fiancé, domestic partner, children, agents, assignees, heirs, executors, beneficiaries, legal representatives and assigns, hereby waives, discharges and releases, Defendants and its or their current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related entities, including CCL Hospitality Group, LLC, Compass One LLC, Compass Two LLC, Cosmopolitan Catering LLC, Crothall Services Group, CulinArt, Inc., Culinaire International LLC, Flik International Corp., Gourmet Dining LLC, Hudson Yards Catering, Levy Premium Foodservice Limited Partnership, Morrison Management Specialists, Inc., TouchPoint Support Services, LLC, Wolfgang Puck Catering & Events, Mazzone Hospitality LLC, Restaurant Associates Corp., Restaurant Associates, Inc., Bon Appetit Management Company, and its or their respective predecessors, successors, employee benefit plans, and present and former directors, officers, partners, investors, shareholders, fiduciaries, insurers, owners, employees, including Stephan Mets-Hagopian and Joann Ramos-Mezey, representatives, agents and attorneys, in their individual and representative capacities, and their immediate family, heirs, beneficiaries, assigns, and present and/or fiduciaries, representatives, agents and attorneys (collectively, the "Releasees") from any and all actions, causes of action, obligations, liabilities, claims and demands which were asserted, or which could have been asserted, in the Action, under the FLSA, the NYLL and/or any federal, state or local wage statute, code, or ordinance, which are related to any alleged unpaid or underpaid wages or overtime, or other unpaid or underpaid wages or compensation (including any claims for breach of contract seeking lost or unpaid wages), including reimbursement for expenses, and any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, and liquidated damages, whether known or unknown, contingent or otherwise, and whether specifically mentioned in this Agreement or not, regardless of when they accrued until the date Plaintiff signs this Agreement.

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, uniform maintenance, travel time, spread of hours pay, late payment or pay frequency, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges during Plaintiff's relationship with Defendants and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action. Plaintiff agrees that he hereby waives any right that he may have to seek or to share in any relief, monetary or otherwise, relating to any claim released herein, whether such claim was initiated by him or not.

4. **Covenant Not to Sue**: Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If Plaintiff breaches the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including reasonable attorney's fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims. Except to enforce the terms of this Agreement, Plaintiff shall not institute, be represented in, participate in, or permit to be submitted or filed on Plaintiff's behalf any claim whatsoever, whether in an individual, class, or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Defendants concerning claims that Plaintiff has, had, or may have against Defendants under the FLSA, NYLL, and New York Codes, Rules and Regulations. In the event any class or collective action that is brought against Defendants or Releasees includes or may include Plaintiff, he immediately shall withdraw therefrom without obtaining or accepting any relief or recovery upon learning of Plaintiff's inclusion or will be in breach hereof.

5. **Claims Excluded from the Agreement**: Plaintiff's release of claims set forth in Paragraph 3 of this Agreement shall not prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, National Labor Relations Board or any other governmental agency charged with enforcement of any law.

6. **Submission to Court for Approval and Purposes of Dismissing the Action with Prejudice**:

The Parties intend for Plaintiff to waive any and all claims related to his wages or compensation he may have against Defendants and Releasees, including claims under the FLSA, and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Motion for Approval of the Settlement Agreement after full execution of this Agreement.

Upon execution of this Agreement, the Parties agree to immediately execute the "Stipulation and Order for Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement.

Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the

Parties' Stipulation and Order for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

7. **Taxes and Withholdings**:   Defendants make no representations regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1.  Plaintiff acknowledges that he has been advised to seek independent legal advice regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1 and has not relied upon any representation of Defendants on that subject.  Plaintiff understands and agrees that he shall be solely and exclusively responsible for the payment of any and all federal, state and/or local taxes, including any interest and/or penalties assessed thereon, associated with the payments referenced in Paragraph 1 (or any portion thereof), except for the employer's portion of any employer paid tax associated with such payments, including the employer's share of Social Security or Medicare tax. Plaintiff hereby agrees to indemnify and hold harmless Defendants against any tax, interest, or penalties, or any fees, costs, attorneys' fees, or damages, arising from any demand, order, or claim by any taxing authority to pay any tax, interest, or penalty on or with respect to the payments referenced in Paragraph 1 or any portion thereof), except for the employer's portion of any employer paid tax associated with such payments.

8. **Bona Fide Dispute**:  This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of his FLSA and NYLL claims and that the amount being paid to Plaintiff, as set forth herein, is a fair and reasonable resolution to this *bona fide* dispute.

9. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Releasee under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's engagement with Compass. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10. **Changes to the Agreement**:  No modifications or amendments to, or waiver or termination of, any terms, conditions or provisions of this Agreement may be made or enforced unless in writing and signed by the party (or authorized representative of such party) against whom the enforcement of such modification, amendment, waiver, or termination is sought.

11. **No Other Complaints or Charges**:   Plaintiff hereby represents that other than the Action, he has no pending actions, administrative charges or complaints, grievances or arbitrations involving released claims against any of the Releasees.

12. **Severability**: The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

4

13. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

14. **Jurisdiction**: The Parties expressly agree that the United States District Court for the Eastern District of New York ("EDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement.

15. **Assignment of Claims**: Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

16. **Voluntary Agreement**: Plaintiff represents and agrees that:

(a) he is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him;

(b) he has signed this Agreement freely and voluntarily and without duress;

(c) no promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

(d) he understands the terms and conditions in this Agreement; and

(e) he was advised and hereby is advised to carefully consider the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

17. **Full and Complete Agreement**: This Agreement constitutes the full, complete, and entire agreement between the Parties regarding the subject matter hereof, i.e., wage and hour claims and fully supersedes any and all prior agreements, negotiations, promises and understandings between the Parties hereto.

18. **Waiver**: No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

19. **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

20. **Counterparts**: This Agreement may be signed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which together shall constitute one and the same document. An original or copy of a party's signature on this Agreement shall be

acceptable in any proceeding against that party to enforce this Agreement. This Agreement may be delivered by facsimile or electronic mail (pdf), which shall be as effective as an original document.

21. **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

22. **Notices**: All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiff's Counsel, respectively, as follows:

<u>Defendants' Counsel</u>:
Kelly C. Spina, Esq.
Joseph A. Gusmano, Esq,
Littler Mendelson, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747
(631) 247-4700
KSpina@littler.com
JGusmano@littler.com

<u>Plaintiff's Counsel</u>:
David Harrison, Esq.
Harrison, Harrison & Associates
110 State Highway 35, Suite 10
Red Bank, NJ 07701
(718) 799-9111
dharrison@nynjemploymentlaw.com

Either Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

23. **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.

**ZVI TEITLEBAUM**

*/s/ Zvi Teller* (Signed by: ABBC6E8E9C2A483...)

Dated: 1/28/2026

**COMPASS GROUP USA, INC.**

By: */s/ Giancarlo Pozos* (DocuSigned by: C0A1B33A1E2B4D3...)

Dated: 1/29/2026

# **EXHIBIT A**

8

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZVI TEITLEBAUM,<br><br>      Plaintiff,<br><br>-against-<br><br>COMPASS GROUP USA, INC. and STEPHAN METS-HAGOPIAN,<br><br>      Defendants. | Case No. 2:25-CV-04569 |

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

  **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, and ordered by the Court, that:

  (a) the Parties' settlement of claims under the Fair Labor Standards Act is fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and

  (b) the above-captioned action and all causes of action that were or could have been asserted therein, including any and all claims under the Fair Labor Standards Act, are dismissed *with prejudice* pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party, except as provided for in the parties' settlement agreement or otherwise agreed to between the parties; and

  (c) the Court shall retain jurisdiction of this matter for the sole purposes of enforcing the parties' settlement.

9

| | |
|---|---|
| **HARRISON, HARRISON & ASSOCIATES** | **LITTLER MENDELSON, P.C.** |
| By: _David Harrison_ (DocuSigned, 673CF9D49FAA49A...) | By: _____ |
| David Harrison | Joseph A. Gusmano |
| 110 State Highway 35, Suite 10 | 290 Broadhollow Road, Suite 305 |
| Red Bank, NJ 07701 | Melville, New York 11747 |
| (718) 799-9111 | (631) 247-4700 |
| dharrison@nynjemploymentlaw.com | jgusmano@littler.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| Dated: January  1/28/2026 , 2026 | Dated: January ___, 2026 |

**SO ORDERED:**

_____

_____
Dated

10

# Exhibit "2"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZVI TEITLEBAUM, | Case No. 2:25-CV-04569 |
| Plaintiff, | |
| -against- | |
| COMPASS GROUP USA, INC. and STEPHAN METS-HAGOPIAN, | |
| Defendants. | |

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, and ordered by the Court, that:

(a)  the Parties' settlement of claims under the Fair Labor Standards Act is fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and

(b)  the above-captioned action and all causes of action that were or could have been asserted therein, including any and all claims under the Fair Labor Standards Act, are dismissed *with prejudice* pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party, except as provided for in the parties' settlement agreement or otherwise agreed to between the parties; and

(c)  the Court shall retain jurisdiction of this matter for the sole purposes of enforcing the parties' settlement.

Docusign Envelope ID: 5A2F4F77-E486-4E1A-A091-4E1AD515608A

| HARRISON, HARRISON & ASSOCIATES | LITTLER MENDELSON, P.C. |
|---|---|
| By: *David Harrison* (DocuSigned: 673CF9D49FAA49A...)<br>David Harrison<br>110 State Highway 35, Suite 10<br>Red Bank, NJ 07701<br>(718) 799-9111<br>dharrison@nynjemploymentlaw.com<br><br>*Attorneys for Plaintiff*<br>Dated: January 1/28/2026, 2026 | By: *Joseph Gusmano*<br>Joseph A. Gusmano<br>290 Broadhollow Road, Suite 305<br>Melville, New York 11747<br>(631) 247-4700<br>jgusmano@littler.com<br><br>*Attorneys for Defendants*<br>Dated: January 2/10/2026, 2026 |

**SO ORDERED:**

_____

_____

Dated